IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ESTATE OF SAMUEL ADAM BRYANT,**
Deceased, by Personal Representative,
**EUGENIO MATHIS,**

      **Plaintiff,**

      vs.                                        Civ. No. 23-805  WJ/JFR

**CENTURION DETENTION HEALTH
SERVICES, LLC, et al.,**

      **Defendants.**

## AMENDED MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff and Defendant Centurion Detention Health Services, LLC's *Joint Motion for Hearing to Consider Minor Settlement*,[1] filed August 9, 2024 (Doc. 36), the Order of Reference in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), filed August 12, 2024[2] (Doc. 37), and the Confidential Guardian ad Litem Report, filed September 11, 2024 (Doc. 47).  On September 19, 2024, the Court held a fairness hearing on the record.  *See* Liberty Court Recorder - ABQ-Pecos_20240919_104442.  Attorneys Alysan Collins and Richard Sandoval appeared on behalf of Plaintiff.  Attorney Alfred Park appeared on behalf of Defendant Centurion Detention Health Services, LLC.  Attorney Gabrielle M. Valdez appeared as Guardian

---

[1] The settlement also includes individually named Defendants Diana Mata, RN; Taileigh Sanchez, RN; Steven Wheeler; Rock Welch; Jeffrey Keller; Angela Goehring; Karen Riley; and Johnnie Lambert.  Doc. 33 at 2.

[2] By an Order of Reference filed August 12, 2024, the presiding judge referred this motion to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the motion.  Doc. 37.

Ad Litem on behalf of the minor N.B.  Also present was Jennifer Davenport, parent of the minor N.B.

For the reasons discussed herein and as stated at the fairness hearing, and there being no objection by the parties, the Court finds that the settlement entered into by the parties is fair, reasonable, and in the minor child's best interest, and recommends it be approved and confirmed by the Court.

"A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000, 1006 (citations omitted), *overruled on other grounds by Montoya v. AKAL Sec., Inc.,* 1992-NMCSC-56, ¶ 12, 838 P.2d 971, 974.  "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] best interests of the children." *Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 12, 948 P.2d 707, 712.  "In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child." *Garcia*, 664 P.2d at 1006. "[W]hen a settlement involving minors is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor, the court must reject the settlement." *Shelton v. Sloan*, 1999-NMCA-048, ¶ 42, 977 P.2d 1012, 1020.

In reviewing the fairness of the settlement entered into by the parties herein, the Court has been guided by the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Ball v. DATS Trucking, Inc.,* Civ. No. 11-94 JB/WPL, Doc. 61 at 4 (D.N.M. filed Dec. 11, 2012) (citing *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 332, 324 (10th Cir. 1984) (hereinafter, the "*Jones* factors").

The Court has reviewed the report of the Guardian ad Litem for the minor child, and all other pleadings filed on the docket in this case. The Court has also considered the fairness hearing presentations of the parties' attorneys and the Guardian ad Litem, and the sworn testimony of Jennifer Davenport, as mother of the minor N.B. The report of the Guardian ad Litem is thorough, detailed, and comprehensive in describing the steps the Guardian ad Litem took and the documents she reviewed in investigating the settlement's fairness and making her report to the Court. Additionally, the Guardian ad Litem's Report specifically addresses each of the *Jones* factors identified above.

The Court, being fully advised in the premises and as set forth on the record at the fairness hearing, hereby FINDS as follows:

1. The Court has jurisdiction over the parties and subject matter herein.

2. Eugenio Mathis, as Personal Representative of the Estate of Samuel Adam Bryant, and Jennifer Davenport, a parent of minor N.B., fully understand the terms of the settlement and the proposed distribution of funds as it relates to the minor child.

3. The settlement entered into by the parties is fair, reasonable, and in the minor child's best interest, and should be approved and confirmed by the Court.

4. With respect to the *Jones* factors, the Court specifically finds that: (1) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and (d) the

settlement is fair and reasonable in the judgment of the parties and in its effect in light of the minor child's own claims, the damages in the case, Defendant Centurion Detention Health Services, LLC's defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

5. The Court finds that the attorney's fees and distribution of settlement funds proposed in the Guardian ad Litem's Report are in all respects fair, proper, reasonable, and in the best interest of the minor child.

6. The use and conservation of the minor's settlement funds as proposed by the Guardian ad Litem is an essential condition of this Court's findings regarding the recommended approval of the settlement. The Court finds the Guardian ad Litem's recommendation is fair, proper, reasonable, and in the best interest of the minor child, in light of the minor's age at the time of this settlement approval.

The Court, therefore, recommends as follows:

1. That the parties' settlement involving the minor child entered into by the parties be APPROVED.

2. That the payment of attorneys' fees to both Collins & Collins. P.C. and Sandoval Law Firm for work performed in this matter satisfies the requirements of New Mexico law as set forth *in Rio Grande Sun v. Jemez Mountains Public School District,* 2012-NMCA-091 and is otherwise fair and reasonable.

3. That a portion of funds to N.B., as statutory beneficiary of his father's estate, shall be used to fund a structured settlement which is set forth in the Release in Full and Settlement Agreement and Qualified Assignment and Release Agreement, and a portion will be held in trust for his benefit and pursuant to the terms of the Trust attached hereto as **Exhibit A.**

4. That all terms and conditions agreed to in the Release in Full and Settlement Agreement and Qualified Assignment and Release Agreement for the benefit of the Wrongful Death Estate of Samuel Adam Bryant, Deceased, be approved.

5. That it is the understanding of the parties that all sums set forth in the Court's final Order constitute damages on account of personal physical injury or sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended.

6. That the obligation to make periodic payments may be assigned to Prudential Assigned Settlement Services Corp. and funded by an annuity contract issued by Prudential Insurance Company of America, rated A+ XV by A.M. Best Company, and AA- by Standard and Poor's.

7. That the structured settlement annuity approved herein is non-transferable in accordance with§ 39-lA-4(C) NMSA 1978, is in N.B.'s best interest, is an integral and inseparable element of the proposed settlement and is essential to this Court's determination of its fairness. That the periodic payments described herein cannot be sold, transferred, assigned, accelerated, deferred, increased, decreased, hypothecated, pledged, mortgaged, alienated, or otherwise encumbered in any manner, either directly or indirectly. That any purported or attempted sale, transfer, assignment, acceleration, deferral, increase, decrease, hypothecation, pledge, mortgage, *Defendant Sheryl Stapleton's Motion for Clarification of Conditions of Release* alienation, or encumbrance of such payment rights will be a direct violation of the Court's final Order.

    a. Future periodic payments payable to N.B. Irrevocable Trust, if still in effect, or N.B., individually if the Trust has been terminated, are an integral and

inseparable element of the proposed settlement, are essential to this Court's determination of fairness.

8. That the balance of the Net Settlement Proceeds shall be used to fund the N.B. Irrevocable Trust, attached as **Exhibit A**. That the Court approve the creation and explicitly approve the funding of the N.B. Irrevocable Trust, attached as **Exhibit A**, with Cindy Silva Law LLC appointed as the professional corporate Trustee of the N.B. Irrevocable Trust, and said Trust asset investments shall be managed by a professional financial advisor, Nic Baker of Syndicus Financial, for the continuing benefit of N.B. That the Court establish the N.B. Irrevocable Trust, which is designed to receive N.B.'s personal injury settlement proceeds, including the lump sum and monthly payments from the structured settlement annuity, which shall be paid directly into the N.B. Irrevocable Trust. That such disbursements shall be paid on behalf of N.B. for his sole benefit, maintenance, health and welfare in accordance with the terms of the N.B. Irrevocable Trust. That the structured settlement annuity payments are irrevocably assigned to the N.B. Irrevocable Trust as Payee unless the Trust is otherwise terminated.

9. That Cindy Silva Law LLC be appointed to serve as Trustee of the N.B. Irrevocable Trust. That Cindy Sliva Law, LLC serve without bond, so long as Cindy Silva Law LLC maintains adequate fiduciary liability insurance. That the Trustee, Cindy Silva LLC, be entitled to reasonable fees and expense reimbursement. That the Trustee execute the Trust documents.

10. That all payments set forth herein constitute damages on account of personal physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

11.     That to the extent distributions are made from Trust during N.B.'s minority, the parent Jennifer Davenport or other legal guardian receiving funds is under a fiduciary duty to safeguard and protect the funds distributed to him/her in this matter for the benefit of N.B., and the funds may not be used by him/her or any other person that is inconsistent with his/her fiduciary responsibilities or the terms of the N.B. Irrevocable Trust.

12.     That Gabrielle Valdez, as the Court-appointed Guardian *ad Litem* for S.W., has acted as an arm and friend of the Court pursuant to *Collins v. Tabet,* 1991-NMSC-013. 111 N.M. 391, 806 P.2d 40 and is hereby released from her duties. That her reasonable fees incurred in connection with work performed in her role as the Court-appointed Guardian *ad Litem* shall be paid by Respondents' insurer.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**