IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Estate of SAMUEL ADAM BRYANT, Deceased,**
**by Personal Representative, EUGENIO**
**MATHIS,**

    **Plaintiff,**

v.                                                                                    No. 1:23-cv-00805-WJ-JFR

**CENTURION DETENTION HEALTH**
**SERVICES, LLC, et al.,**

    **Defendants.**

**ORDER ADOPTING AMENDED PROPOSED FINDINGS AND RECOMMENDED**
**DISPOSITION, APPROVING SETTLEMENT ON BEHALF OF A MINOR,**
**AND DISMISSING CAUSE WITH PREJUDICE**

**THIS MATTER** is before the Court on the *Amended Proposed Findings of Fact and Recommended Disposition* by United States Magistrate Judge John F. Robbenhaar, filed September 23, 2024.  Doc. 52.  Objections were due by no later than October 7, 2024.  On September 23, 2024, Plaintiff filed a *Notice of Non-Objection to Document 52, Magistrate Judge's Amended Proposed Findings and Recommended Disposition*.  Doc. 53.  On September 24, 2024, Defendant Centurion Detention Health Services, LLC, filed a *Notice of Non-Objection to Document 52, Magistrate Judge's Amended Proposed Findings and Recommended Disposition*.  Doc. 54.  The failure to make timely objections to the Magistrate Judge's Amended Proposed Findings and Recommended Disposition waives appellate review of both factual and legal questions.  *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996).

On September 19, 2024, the Court held a hearing on the Joint Motion for Hearing to Consider Minor Settlement[1] and the Court having heard testimony, and having determined that Plaintiff Eugenio Mathis and Jennifer Davenport, as mother of the minor N.B., fully understand the terms of the settlement, and the Court having been sufficiently advised in the premises, **FOUND** as follows:

1. The Court has jurisdiction over the parties and subject matter herein.

2. Eugenio Mathis, as Personal Representative of the Estate of Samuel Adam Bryant, and Jennifer Davenport, a parent of minor N.B., fully understand the terms of the settlement and the proposed distribution of funds as it relates to the minor child.

3. The settlement entered into by the parties is fair, reasonable, and in the minor child's best interest, and should be approved and confirmed by the Court.

4. With respect to the *Jones* factors, the Court specifically found that: (1) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and (d) the settlement is fair and reasonable in the judgment of the parties and in its effect in light of the minor child's own claims, the damages in the case, Defendant Centurion Detention Health Services, LLC's defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

---

[1] On August 9, 2024, Plaintiff and Defendant Centurion Detention Health Services, LLC, having reached a settlement in this case, filed a *Joint Motion for Hearing to Consider Minor Settlement*. Doc. 36. The settlement also includes individually named Defendants Diana Mata, RN; Taileigh Sanchez, RN; Steven Wheeler; Rock Welch; Jeffrey Keller; Angela Goehring; Karen Riley; and Johnnie Lambert. Doc. 33 at 2.

2

5.  The Court found that the attorney's fees and distribution of settlement funds proposed in the Guardian ad Litem's Report are in all respects fair, proper, reasonable, and in the best interest of the minor child.

6.  The use and conservation of the minor's settlement funds as proposed by the Guardian ad Litem is an essential condition of this Court's findings regarding the recommended approval of the settlement.  The Court finds the Guardian ad Litem's recommendation is fair, proper, reasonable, and in the best interest of the minor child, in light of the minor's age at the time of this settlement approval.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Amended Proposed Findings and Recommended Disposition (Doc. 52) is **ADOPTED.**

**IT IS FURTHER ADJUDGED, ORDERED, and DECREED** as follows:

1.  The parties' settlement involving the minor child entered into by the parties is APPROVED.

2.  The payment of attorneys' fees to both Collins & Collins. P.C. and Sandoval Law Firm for work performed in this matter satisfies the requirements of New Mexico law as set forth in *Rio Grande Sun v. Jemez Mountains Public School District,* 2012-NMCA-091 and is otherwise fair and reasonable.

3.  A portion of funds to N.B., as statutory beneficiary of his father's estate, shall be used to fund a structured settlement which is set forth in the Release in Full and Settlement Agreement and Qualified Assignment and Release Agreement, and a portion will be held in trust for his benefit and pursuant to the terms of the Trust attached hereto as **Exhibit A.**

4. All terms and conditions agreed to in the Release in Full and Settlement Agreement and Qualified Assignment and Release Agreement for the benefit of the Wrongful Death Estate of Samuel Adam Bryant, Deceased, are hereby approved.

5. It is the understanding of the parties that all sums set forth in this Order constitute damages on account of personal physical injury or sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended.

6. The obligation to make periodic payments may be assigned to Prudential Assigned Settlement Services Corp. and funded by an annuity contract issued by Prudential Insurance Company of America, rated A+ XV by A.M. Best Company, and AA- by Standard and Poor's.

7. The structured settlement annuity approved herein is non-transferable in accordance with§ 39-lA-4(C) NMSA 1978, is in N.B.'s best interest, is an integral and inseparable element of the proposed settlement and is essential to this Court's determination of its fairness. The periodic payments described herein cannot be sold, transferred, assigned, accelerated, deferred, increased, decreased, hypothecated, pledged, mortgaged, alienated, or otherwise encumbered in any manner, either directly or indirectly. Any purported or attempted sale, transfer, assignment, acceleration, deferral, increase, decrease, hypothecation, pledge, mortgage. alienation, or encumbrance of such payment rights will be a direct violation of this filed Order.

    a. Future periodic payments payable to N.B. Irrevocable Trust, if still in effect, or N.B., individually if the Trust has been terminated, are an integral and inseparable element of the proposed settlement, are essential to this Court's determination of fairness.

8. The balance of the Net Settlement Proceeds shall be used to fund the N.B. Irrevocable Trust, attached as **Exhibit A**. The Court approves the creation and explicitly approves the funding of the N.B. Irrevocable Trust, attached as **Exhibit A**, with Cindy Silva Law LLC appointed as the professional corporate Trustee of the N.B. Irrevocable Trust, and said Trust asset investments shall be managed by a professional financial advisor, Nic Baker of Syndicus Financial, for the continuing benefit of N.B. The Court hereby establishes the N.B. Irrevocable Trust, which is designed to receive N.B.'s personal injury settlement proceeds, including the lump sum and monthly payments from the structured settlement annuity, which shall be paid directly into the N.B. Irrevocable Trust. Such disbursements shall be paid on behalf of N.B. for his sole benefit, maintenance, health and welfare in accordance with the terms of the N.B. Irrevocable Trust. These structured settlement annuity payments are irrevocably assigned to the N.B. Irrevocable Trust as Payee unless the Trust is otherwise terminated.

9. Cindy Silva Law LLC is hereby appointed to serve as Trustee of the N.B. Irrevocable Trust. Cindy Sliva Law, LLC shall serve without bond, so long as Cindy Silva Law LLC maintains adequate fiduciary liability insurance. The Trustee, Cindy Silva LLC, shall be entitled to reasonable fees and expense reimbursement. The Trustee shall execute the Trust documents.

10. All payments set forth herein constitute damages on account of personal physical injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

11. To the extent distributions are made from Trust during N.B.'s minority, the parent Jennifer Davenport or other legal guardian receiving funds is under a fiduciary duty to

safeguard and protect the funds distributed to him/her in this matter for the benefit of N.B., and the funds may not be used by him/her or any other person that is inconsistent with his/her fiduciary responsibilities or the terms of the N.B. Irrevocable Trust.

12.     Gabrielle Valdez, as the Court-appointed Guardian *ad Litem* for N.B., has acted as an arm and friend of the Court pursuant to *Collins v. Tabet,* 1991-NMSC-013. 111 N.M. 391, 806 P.2d 40 and is hereby released from her duties. Her reasonable fees incurred in connection with work performed in her role as the Court-appointed Guardian *ad Litem* shall be paid by Respondents' insurer.

**IT IS FURTHER ORDERED** that Plaintiffs' Third Amended Complaint as to Defendant Centurion Detention Health Services, LLC, and individually named Defendants Diana Mata, RN; Taileigh Sanchez, RN; Steven Wheeler; Rock Welch; Jeffrey Keller; Angela Goehring; Karen Riley; and Johnnie Lambert is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**